**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MILDRED WHEELER**                                                                    **PLAINTIFF**

**VS.**                          **CASE NO. 3:08CV00016 JLH**

**OCWEN LOAN SERVICING, LLC**                                       **DEFENDANT**

## MOTION FOR LEAVE TO WITHDRAW

Come now before this Court Joel G. Hargis ("Hargis") and Debra J. Reece ("Reece"), attorneys for Plaintiff Mildred Wheeler, and pursuant to Eastern District Local Rule 83.5(f) for their *Motion for Leave to Withdraw*, state and allege the following:

    1.      This case is currently set for trial in February 2009 and discovery is ongoing.

    2.      Hargis and Reece have made good faith attempts to contact Plaintiff for months and have been unable to do so, instead only being able to communicate through Plaintiff's son, Larry Wheeler, who has refused to cooperate with requests for information from Hargis and Reece.

    3.      In spite of the fact that both Plaintiff and Larry Wheeler were told by Hargis and Reece to keep them apprised of correct contact information, all phone numbers given to Hargis and Reece as good contact numbers for Plaintiff have been disconnected, and every time Hargis and Reece have been given a new number, that number is quickly disconnected as well.

    4.      Hargis and Reece have attempted to obtain documents from Plaintiff and Larry Wheeler in order to respond to discovery requests, but those requests have gone unanswered, including an email sent on October 1, 2008, by Reece to Larry Wheeler (at that time, the only way Hargis and Reece could contact Plaintiff) in which she informed Mr. Wheeler and, through

him, Plaintiff, pursuant to Local Rule 83.5(f), that she and Hargis would be filing a motion to withdraw if they did not provide the necessary documents by October 15, 2008.

5. Larry Wheeler responded to said email on October 2, again ignoring a request for a contact number for Plaintiff, and no documents have been provided to Hargis and Reece.

6. Each letter sent to Plaintiff has gone unanswered until the last one, which was sent certified mail and signed for by Larry Wheeler on October 9, 2008, in which Hargis asked Plaintiff to call immediately and even provided a toll-free number in case Plaintiff could not make long-distance calls.

7. Plaintiff did not respond to the letter, but Larry Wheeler finally contacted Hargis by email on October 22, 2008, and gave him a phone number where Plaintiff could be reached.

8. Hargis then contacted Plaintiff at that number; but Plaintiff and her counsel have reached an impasse because Plaintiff is either unable or unwilling to cooperate with Hargis and Reece, making it impossible for Hargis and Reece to continue to represent Plaintiff in this matter.

9. Hargis and Reece have expended many hours in this representation, including filing pleadings in state court prior to removal; attempting to obtain information in order to respond to discovery requests; performing fact investigation and negotiations with defense counsel; attendance at an October 2007 state court hearing in which Ms. Reece successfully obtained a temporary injunction preventing Defendant from selling Plaintiff's home in a foreclosure sale; and negotiations performed by Hargis to obtain insurance proceeds from storm damage to Plaintiff's home so Plaintiff could perform needed repairs.

10. Plaintiff has paid an initial retainer of $1,000.00 and nothing further.

11. Hargis and Reece will forego any further obligation on the part of Plaintiff to pay their fees and will consider the $1,000.00 retainer already received as payment in full for their services, if allowed to withdraw from this matter.

12. Hargis and Reece stand ready to turn over Plaintiff's file to her or any representative or attorney she designates, if Plaintiff will merely contact Hargis and Reece and tell them where to send her file.

13. Hargis and Reece respectfully request this Court grant them leave to withdraw from the matter pending before this Court.

14. Because Plaintiff is unwilling or unable to cooperate and has refused to stay in contact with Hargis and Reece or answer their requests for information, she will not be prejudiced by their withdrawal, or any prejudice is of her own making.

15. In compliance with Local Rule 83.5(f), counsel for Defendant has been notified of Hargis and Reece's intent to withdraw, both by telephone earlier this week and by being served with this motion, as indicated by the Certificate of Service below.

16. This request is being made out of necessity and not merely for purposes of delay.

WHEREFORE, Attorneys Joel G. Hargis and Debra J. Reece respectfully pray this Court grant their *Motion for Leave to Withdraw* and order that they be relieved of further responsibilities to represent Plaintiff in the above-styled case now pending before this Court.

Dated this the 23rd day of October, 2008.

/s/Joel G. Hargis_____
Joel G. Hargis #2004-007
Crawley & DeLoache, PLLC
Attorney for the Plaintiffs
P.O. Box 8546

Hot Springs Village, AR 71910
joel@crawleydeloache.com
PH (870) 972-1127
FX (870) 972-1787


/s/Debra J. Reece_____
Debra J. Reece Ark. Bar # 2003092
Reece Law Firm, PLLC
101 E Main, Ste B
Russellville, AR 72801
djreecelawfirm@yahoo.com
PH:  (479) 967-3800
FX:  (479) 967-3801


## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that I have served a copy of the foregoing pleading on Mildred Wheeler by mailing a copy thereof via both certified mail return receipt restricted and by certified mail return receipt to 2201 Nora Drive, Paragould, AR 72450, and by regular mail and electronic transmittal to the following entities on this the 23rd day of October, 2008:

Rick Beard, Esq.
Mitchell, Williams, Selig,
  Gates & Woodyard, PLLC
425 W. Capitol Ave., Ste 1800
Little Rock, AR 72201

Debra J. Reece
Reece Law Firm, PLLC
101 E Main, Ste B
Russellville, AR 72801




/s/Joel G. Hargis_____
**JOEL G. HARGIS**